No. 04-00-00227-CR


Frank ESQUIVEL,

Appellant


v.


STATE of Texas,

Appellee


From the 290th Judicial District Court, Bexar County, Texas

Trial Court No. 1999-CR-6425W

Honorable Sharon MacRae, Judge Presiding (1)


Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: October 18, 2000


AFFIRMED


 Frank Esquivel ("Esquivel") pled no contest to the charge of aggravated assault (serious
bodily injury). The trial court found him guilty and sentenced him to five years confinement.

 In his sole point of error, Esquivel argues that his plea was not entered voluntarily because
the court allegedly "failed to ascertain his mental competency or give the proper admonitions
regarding his plea and range of punishment" prior to accepting the plea. Because the record does not
support Esquivel's claim, we affirm the trial court's judgment.

Discussion

 Before the trial court accepts a plea of nolo contendere, the court must admonish the
defendant as required by the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
art. 26.13(a) (Vernon Supp. 2000). The court may make the necessary admonitions either orally or
in writing. See id. art. 26.13(d) (Vernon 1989). "If the court makes the admonitions in writing, it
must receive a statement signed by the defendant and the defendant's attorney that [the defendant]
understands the admonitions and is aware of the consequences of [the] plea." Id. The court shall not
accept a plea of nolo contendere unless "it appears that the defendant is mentally competent and the
plea is free and voluntary." Id. art. 26.13 (b) (Vernon 1989).

 Esquivel and his attorney signed the "Court's Admonishment and Defendant's Waivers and
Affidavit of Admonitions" on December 23, 1999. Before accepting Esquivel's guilty plea, the court
asked the defendant if he had signed the document. Esquivel answered, "Yes, sir." We find that the
court made the necessary admonitions prior to accepting Esquivel's plea.

 The Reporter's Record does not support Esquivel's assertion that the trial court accepted
Esquivel's plea prior to determining that he was mentally competent and making the plea under his
own volition:

 THE COURT: . . . . Has anyone threatened you, placed you in fear,
promised you anything, tried to persuade you or force you
to plead no contest?


 DEFENDANT: No, sir.

 . . . . 

 THE COURT: Okay. Are you satisfied that he is competent to stand trial?


 DEFENSE COUNSEL: Yes, I am, Your Honor.

 . . . .

 THE COURT: Did you enter your plea freely and voluntarily?


 DEFENDANT: Yes, sir.


 THE COURT: I will approve and consent to the jury waiver. . . . I find
you guilty of the offense of aggravated assault causing
serious bodily injury.


(emphasis added). We find that the trial court did not accept Esquivel's plea until after it had
complied with the requirements of the Texas Code of Criminal Procedure. We overrule his point of
error.

Conclusion

 We affirm the trial court's judgment.


 Phil Hardberger, Chief Justice

DO NOT PUBLISH










1. The plea proceedings that form the basis of this appeal occurred before the Honorable Andrew W.
Carruthers.